## SUPREME COURT.

### ADDISON S. MOORE agt. AMOS PILLSBURY.

Where in an action for false imprisonment, the defendant admits the imprisonment, but denies that it was unlawful, and as a second defense sets up matter in justification, to which latter defense the plaintiff *demurs* on the ground that the facts stated do not constitute a defense, and the plaintiff then moves to *change the place of trial* for the convenience of witnesses:

*Held*, that as the demurrer is to the merits of the action, a decision upon it in favor of the defendant would end the case, and the examination of witnesses would be unnecessary. Motion denied, as premature.

*Saratoga Special Term, March,* 1872.

THIS acttion is false imprisonment. . The defendant by his defense admits the imprisonment, but denies that it was without authority, or unlawful. In his second defense, the defendant sets up matter in justification. To the latter defense, the plaintiff demurred, on the ground that the facts stated did not constitnte a defense to the action. The demurrer is not to the form of the pleading, but goes to the merits.

A motion is now made on the part of the plaintiff to change the place of trial from the county of Albany to the county of Saratoga for the convenience of witnesses.

J. W. EIGHMY, *for plaintiff.*
N. C. MOAK, *for defendant.*

BOCKES, *J.*—The issue of law raised by the demurrer must first be determined, the court not having otherwise directed (*Code, sec.* 251), and it determined in favor of the defendant, judgment must be for the latter on the entire re-

cord. In that event, the decision will be, that the imprisonment of the plaintiff by the defendant, was lawful, and the justification of the latter will-be complete. In this condition of the case, it is insisted on the part of the defendant, that the motion to change the place of trial for the convenience of witnesses, is premature; that it cannot now be known, or insisted with certainty, that witnesses in the case will be necessary, or indeed, that any trial requiring the examination of witnesses will ever take place. I am of the opinion, that the objection is well taken. The decision on the issue of law, if in favor of the defendant ends the case, without the examination of any witnesses, certainly, until the issues be reformed, and whether this will be desired by the party, or permitted by the court, cannot now be known.

As the case now stands, it cannot be asserted, except hypothetically, that any witnesses will be needed in the case, and consequently it cannot be adjudged, that the attendance of any witnesses will ever be required.

The motion must be denied, with ten dollars costs, but with liberty to the plaintiff to renew it after the issue of law shall have been disposed of.